## LIGHT v. ISEAR.

A suit may be instituted on a note not due whenever the officer is *satisfied* that a proper case exists under the act of 1883 (18 *Stat.*, 492), although the showing which satisfies the officer is insufficient to sustain a warrant of attachment.

Before KERSHAW, J., Beaufort, July, 1887.

The opinion states the case.

*Messrs. Elliott & Howe*, for appellants.

*Mr. W. J. Verdier*, contra.

April 6, 1888. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. The plaintiff held a note on the defendant for $200.05, bearing date March 6, 1886, and payable ninety days thereafter. Before the note fell due, viz., on April 26, 1886, the plaintiff went before the clerk of the court for Beaufort County and made affidavit under the act of the legislature, that the defendant "had disposed of, and was disposing of, his property with intent to defraud his creditors." Whereupon the said clerk, being "*satisfied*" that there was "a cause of action existing," and that the affidavit brought the case within the terms of the aforesaid act, as to actions upon notes not due, the plaintiff brought suit upon said note, and the clerk issued his warrant of attachment "as if said debt were then due and payable." Both the summons in the suit and the warrant of attachment were served. The defendant moved before Judge Wallace, and the warrant of attachment was vacated on the ground that the affidavit upon which it issued was insufficient. And he then answered the complaint in the action, alleging "that the attachment mentioned in the complaint was set aside and vacated by the Circuit Judge before said note became due," &c.

Upon the call of the case for trial the Circuit Judge held that "the answer was not responsive to the complaint, and the note having become due, gave judgment for the plaintiff." The defen-

dant appeals to this court upon the grounds : I. Because his honor erred in not holding that the complaint did not state facts sufficient to constitute a cause of action. II. Because his honor erred in holding that the answer was not responsive to the complaint, and that it did not state facts sufficient to constitute a defence. III. Because his honor erred in not dismissing the complaint upon the ground that an action could not be maintained upon a note not due, unless supported by an affidavit which would warrant the issuing of an attachment. IV. Because his honor erred in not dismissing the complaint upon the ground that the note was not due at the time issue was joined, and that the attachment had been set aside because of the insufficiency of the affidavit filed when suit was begun.

No motion seems to have been made in the court below to dismiss the complaint on the ground that it did not state facts sufficient to constitute a cause of action. The Circuit Judge was never requested to rule upon the subject, and therefore it is not properly before us.

The act of the legislature (1883) which amends certain sections of the code provides as follows : "Whenever 'a debt is not yet due, and it appears to the satisfaction of a Circuit Judge, Clerk of the Court of Common Pleas, or trial justice, by affidavit that the debtor, &c., &c., or that such person, * * * with intent to defraud his creditors, or has assigned, disposed of, or secreted, or is about to assign, dispose of, or secrete any of his property with like intent, it shall be lawful for the plaintiff forthwith to institute suit upon such debt or cause of action, and for the said Circuit Judge, clerk, or trial justice, to issue his warrant of attachment, as if said debt were then due and payable." 18 *Stat.*, 492.

This provision has never before been before this court for construction. There can be little doubt that at the time the two proceedings were commenced, the showing by the plaintiff was to "the satisfaction" of the clerk, and the suit of the plaintiff was then "lawful." Did the subsequent vacation of his warrant of attachment have the necessary effect of then making it unlawful? It could only have that effect, in the view that the showing required to authorize the suit is identical with that necessary to support an attachment, or that the two proceedings are depend-

ent upon each other. We agree with the Circuit Judge that there is no necessary dependence of one upon the other; and, indeed, that the requirements made necessary are not the same in both. In a case deemed *satisfactory* by either of the officers named, besides authorizing the creditor to institute a suit, he may also issue his warrant of attachment; but we do not understand that he is bound to do so—the "suit" alone may be issued. One of the sections of the code requires that the affidavits upon which an attachment issues shall be filed within a given time in the clerk's office; and another provides that the defendant may move to set aside the attachment, but we cannot discover that there are any such provisions as to an action brought upon a note before due; for the act itself takes care that there shall be no judgment until after the maturity of the debt, and that if the defendant pays the debt before its maturity, the plaintiff shall pay the costs. We think that when the clerk—being *"satisfied"* under the statute—authorized the suit to issue on the note not due, it was not thereafter dependent on the attachment, which issued at the same time.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.